UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X
                                       :
UNITED STATES OF AMERICA               :    SUPERSEDING
                                       :    INFORMATION
     -v-                               :
                                       :    S13 11 Cr. 1072 (DLC)
JUAN CARLOS VIERA,                     :
                                       :
                    Defendant.         :
                                       :
- - - - - - - - - - - - - - - - - - - X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/27/13

COUNT ONE

(Conspiracy to Commit Wire Fraud, Mail Fraud
and Health Care Fraud)

        The United States Attorney charges:

        1.    From at least in or about 2003, up to and including on
or about July 17, 2012, in the Southern District of New York and
elsewhere, JUAN CARLOS VIERA, the defendant, and others known
and unknown, willfully and knowingly did combine, conspire,
confederate, and agree together and with each other to violate
Sections 1341, 1343, and 1347 of Title 18, United States Code.

Objects of the Conspiracy

Mail Fraud

        2.    It was a part and an object of the conspiracy that
JUAN CARLOS VIERA, the defendant, and others known and unknown,
willfully and knowingly, having devised and intending to devise
a scheme and artifice to defraud, and for obtaining money and
property by means of false and fraudulent pretenses,

representations, and promises, for the purpose of executing such scheme and artifice and attempting so to do, would and did place in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and would and did deposit and cause to be deposited matters and things to be sent and delivered by private and commercial interstate carriers, and would and did take and receive therefrom such matters and things, and would and did knowingly cause to be delivered by mail and such carriers according to the directions thereon, and at the places at which they were directed to be delivered by the persons to whom they were addressed, such matters and things, in violation of Title 18, United States Code, Section 1341.

Wire Fraud

3.    It was further a part and an object of the conspiracy that JUAN CARLOS VIERA, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme

2

and artifice, in violation of Title 18, United States Code, Section 1343.

## Health Care Fraud

4.    It was further a part and an object of the conspiracy that JUAN CARLOS VIERA the defendant, and others known and unknown, willfully and knowingly would and did execute and attempt to execute a scheme and artifice to defraud a health care benefit program, and to obtain, by means of false and fraudulent pretenses, representations, and promises money owned by and under the custody and control of a health care benefit program in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347.

(Title 18, United States Code, Section 1349.)

## COUNT TWO

(Conspiracy to Commit Adulteration and Misbranding Offenses and the Unlawful Wholesale Distribution of Prescription Drugs)

The United States Attorney further charges:

5.    From at least in or about 2003, up to and including on or about July 17, 2012, in the Southern District of New York and elsewhere, JUAN CARLOS VIERA, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Sections

3

331(a), 331(b), 331(c), 331(k), 331(t), 333(a)(2), 333(b)(1)(D),
and 353(e)(2)(A) and (B) of Title 21, United States Code.

6.    It was a part and an object of the conspiracy that
JUAN CARLOS VIERA, the defendant, and others known and unknown,
willfully and knowingly, and with the intent to defraud and
mislead, would and did introduce and deliver for introduction
into interstate commerce a drug that was misbranded, as that
term is defined in Title 21, United States Code, Sections 352(a)
and (i), in violation of Title 21, United States Code, Sections
331(a) and 333(a)(2).

7.    It was further a part and an object of the conspiracy
that JUAN CARLOS VIERA, the defendants, and others known and
unknown, willfully and knowingly, and with the intent to defraud
and mislead, would and did misbrand, as that term is defined in
Title 21, United States Code, Sections 352(a) and (i), a drug in
interstate commerce, in violation of Title 21, United States
Code, Sections 331(b) and 333(a)(2).

8.    It was further a part and an object of the conspiracy
that JUAN CARLOS VIERA, the defendant, and others known and
unknown, willfully and knowingly, and with the intent to defraud
and mislead, would and did receive in interstate commerce a drug
that was misbranded, as that term is defined in Title 21, United
States Code, Sections 352(a) and (i), and would and did deliver

and proffer delivery thereof for pay and otherwise, in violation of Title 21, United States Code, Sections 331(c) and 333(a)(2).

9.   It was further a part and an object of the conspiracy that JUAN CARLOS VIERA, the defendant, and others known and unknown, willfully and knowingly, and with the intent to defraud and mislead, would and did alter, mutilate, destroy, obliterate and remove the whole and any part of the labeling of a drug, and would and did do other acts with respect to a drug while such drug was held for sale, after shipment in interstate commerce and which resulted in such drug being misbranded, as that term is defined in Title 21, United States Code, Sections 352(a) and (i)(1), in violation of Title 21, United States Code, Sections 331(k) and 333(a)(2).

10.   It was further a part and an object of the conspiracy that JUAN CARLOS VIERA, the defendant, and others known and unknown, willfully and knowingly would and did engage in the wholesale distribution in interstate commerce of prescription drugs subject to Title 21, United States Code, Section 353(b) in a State, at a time when the defendant and his coconspirators were not licensed by that State, in accordance with the guidelines issued under Title 21, United States Code, Section 353(e)(2)(B), in violation of Title 21, United States Code, Sections 331(t), 333(b)(1)(D), and 353(e)(2)(A) and (B).

<u>Overt Act</u>

11.  In furtherance of the conspiracy and to effect the illegal objects thereof, JUAN CARLOS VIERA, the defendant, and others known and unknown, committed the following overt act, among others, in the Southern District of New York and elsewhere:

a.    On or about January 24, 2012, VIERA and a co-conspirator not named as a defendant herein ("CC-1") engaged in a telephone conversation.  During the conversation, in substance and part, VIERA provided a list of second-hand prescription drugs he wanted to purchase, including the HIV medications Combivir, Epivir, Norvir, Reyataz, and Kaletra.  VIERA and CC-1 also discussed the quality and cleanliness of the bottles.

(Title 18, United States Code, Section 371.)

<u>COUNT THREE</u>

(Conspiracy to Commit Money Laundering)

The United States Attorney further charges:

12.  From at least in or about 2003, up to and including on or about July 17, 2012, in the Southern District of New York and elsewhere, JUAN CARLOS VIERA, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Sections 1956(a)(1)(B)(i), 1956(a)(2)(B)(i), and 1957(a) of Title 18, United States Code.

6

## Objects of the Conspiracy

13. It was a part and an object of the conspiracy that JUAN CARLOS VIERA, the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, willfully and knowingly would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, the proceeds of wire fraud and mail fraud offenses, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, to wit, the proceeds of wire fraud and mail fraud offenses, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

14. It was further a part and an object of the conspiracy that JUAN CARLOS VIERA, the defendant, and others known and unknown, willfully and knowingly would and did, and attempt to, transport, transmit and transfer funds from places in the United States to or through places outside the United States, knowing that the funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity, and knowing that such transportation, transmission and

transfer was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, to wit, the proceeds of wire fraud and mail fraud offenses, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

15.   It was further a part and an object of the conspiracy that JUAN CARLOS VIERA, the defendant, and others known and unknown, in an offense taking place in the United States, willfully and knowingly would and did engage in monetary transactions in criminally derived property of a value greater than $10,000 and derived from specified unlawful activity, to wit, the proceeds of wire fraud and mail fraud offenses, in violation of Title 18, United States Code, Section 1957(a).

<u>Overt Acts</u>

16.   In furtherance of the conspiracy and to effect the illegal objects thereof, JUAN CARLOS VIERA, the defendant, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a.    In or about 2011, in the Bronx, New York, and elsewhere, VIERA picked up cash from various locations to be paid to the suppliers of diverted prescription drugs, for the purposes of concealing the source of that cash, which had been

earned as part of a wire and mail fraud scheme involving diverted prescription drugs.

        b.    In or about May 2012, VIERA obtained from a co-conspirator not named herein written instructions for wiring more than $200,000, which constituted proceeds of the wire and mail fraud scheme, to a financial institution.

        (Title 18, United States Code, Section 1956(h).)

COUNT FOUR

(Narcotics Trafficking Conspiracy)

The United States Attorney further charges:

    17.  In or about 2006, in the Southern District of Florida and elsewhere, JUAN CARLOS VIERA, the defendant, and others known and unknown, intentionally and knowingly combined, conspired, confederated, and agreed together an with each other to violate the narcotics laws of the United States.

    18.  It was a part and an object of the conspiracy that JUAN CARLOS VIERA, the defendant, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

19. The controlled substance involved in the offense was mixtures and substances containing a detectable amount of marijuana, in violation of 21 U.S.C. § 841(b)(1)(D).

(Title 21, United States Code, Section 846)

## COUNT FIVE

### (Alien Smuggling)

The United States Attorney further charges:

20. From at least in or about 2001, up to and including at least in or about 2004, in the Southern District of Florida, JUAN CARLOS VIERA, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Section 1324(a)(1)(A)(iv) of Title 8, United States Code.

### Object of the Conspiracy

21. It was a part and an object of the conspiracy that JUAN CARLOS VIERA, the defendant, and others known and unknown, willfully and knowingly would and did encourage and induce aliens to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence would be in violation of law, in violation of Section 1324(a)(1)(A)(iv).

### Overt Acts

22. In furtherance of the conspiracy and to effect the illegal object thereof, JUAN CARLOS VIERA, the defendant, and

others known and unknown, committed the following overt acts,
among others, in the Southern District of Florida and elsewhere:

a.    On approximately three occasions, in or about
2001, 2003, and 2004 VIERA helped smuggle three Cuban citizens
into the United States by boat.

(Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).)

### FORFEITURE ALLEGATIONS

23.  As a result of committing the conspiracy to commit
mail fraud, wire fraud, and health care fraud offense alleged in
Count One of this Superseding Information, JUAN CARLOS VIERA,
the defendant, shall forfeit to the United States, pursuant to
18 U.S.C. § 982(a)(7), any property, real and personal, that
constitutes or is derived, directly or indirectly, from gross
proceeds traceable to the commission of such offense.

24.  As a result of committing the conspiracy to commit
mail fraud, wire fraud, and health care fraud offense alleged in
Count One of this Superseding Information, JUAN CARLOS VIERA,
the defendant, shall forfeit to the United States, pursuant to
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any property
constituting, or derived from, proceeds traceable to such
offense.

25.  As a result of committing the conspiracy offense
alleged in Count Two of this Superseding Information, JUAN
CARLOS VIERA, the defendant, shall forfeit to the United States,

pursuant to 18 U.S.C. § 982(a)(7), any property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offense.

26.  As a result of committing the conspiracy to commit money laundering offense alleged in Count Three of this Superseding Information, JUAN CARLOS VIERA, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), any property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offense.

27.  As a result of committing the conspiracy to commit money laundering offense alleged in Count Three of this Superseding Information, JUAN CARLOS VIERA, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, any property constituting, or derived from, proceeds traceable to such offense.

28.  As a result of committing the narcotics trafficking offense alleged in Count Four of this Superseding Information, JUAN CARLOS VIERA, the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the violation alleged in Count Four of the Superseding Information and any and all

12

property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count Four of the Superseding Information.

<u>Substitute Assets Provision</u>

29.    If any of the above-described forfeitable property, as a result of any act or omission of the JUAN CARLOS VIERA, the defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p), to seek forfeiture of any other described forfeitable property.

    (Title 18, United States Code, Sections 981, 982, and 2323
        Title 21, United States Code, Section 853, and
        Title 28, United States Code, Section 2461.)

PREET BHARARA
UNITED STATES ATTORNEY

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JUAN CARLOS VIERA,

Defendant.

**SUPERSEDING INFORMATION**

S13 11 Cr. 1072 (DLC)

(18 U.S.C. §§ 371, 1349, 1956, 981 and 982; 21 U.S.C. § 853; 28
U.S.C. § 2461.)

PREET BHARARA
United States Attorney.

*6/27/13 - Filed Superseding Information
OK  Filed Waiver of Indictment*

*Judge Park
U S M J*